UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| **SILVINA and KENNETH BARBOZA,** | : | Civil Action No. 07-635 (MLC) |
| | : | |
| Plaintiffs, | : | **ORDER** |
| | : | |
| v. | : | |
| | : | |
| **GREATER MEDIA NEWSPAPERS, et al.,** | : | |
| | : | |
| Defendants. | : | |

This matter having been brought before the Court by Plaintiffs Silvina and Kenneth Barboza ("Plaintiffs") for leave to file a Second Amended Complaint [Docket Entry No. 35]; and Plaintiffs noting that their application was filed as a Cross Motion since a Motion to Dismiss is currently pending; and Plaintiffs asserting that "[b]ased upon the documents that the undersigned has received in the first week of [February], it has been determined that plaintiff will now pursue an ERISA cause of action"; and Plaintiff further asserting that "[t]he ERISA claim is contained in Count Five, which previously contained a claim for breach of quasi-contract, a claim which plaintiff is now abandoning"; and the Court noting that Defendants did not file opposition to this Motion; and the Court further noting that, in fact, Defendants Greater Media Newspapers and Kevin Wittman, by letter dated March 12, 2008, indicated that they "do not have any objection to the filing of the Second Amended Complaint"; and the Court further noting that leave to amend the pleadings under FED.R.CIV.P. 15(a) is generally given freely, (*Foman v. Davis,* 371 U.S. 178, 182 (1962); *See Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000)), however the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment"(*id.)*; and the Court further noting that

if there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted *(Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)); and the Court further noting that "prejudice to the non-moving party is the touchstone for the denial of an amendment" (*Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)(*citing Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)); and the Court further noting that to establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction *(Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)); and the Court further noting that the standard of review for futility requires It to consider whether the complaint, as amended, would survive a motion to dismiss for failure to state claim *(Alvin v. Suzuki*, 227 F.3d at 121); and the Court further noting that futility of amendment therefore requires that the pleading as amended states no claim upon which relief can be granted *(In Re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)); and the Court further noting that to survive a motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6), the "complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief may be granted" (*Eli Lilly v. Roussel Corp.*, 23 F.Supp. 2d 460, 475 (D.N.J. 1998)(internal citation omitted)); and the Court further noting that It must view all allegations in the complaint in a light most favorable to the plaintiff *(Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989)); and the Court further noting that a case should not be dismissed for failure to state a claim unless it clearly appears that no relief can be granted under any set of facts that could be proved consistent with the plaintiff's allegations (*Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)); and the Court further noting that on a motion to amend a complaint, the Court looks only

to the pleadings (*Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau, Co., Inc.,* 106 F. Supp. 2d 761, 765 ( D.N.J. 2000)); and the Court finding that allowing Plaintiffs to file their Second Amended Complaint would not prejudice Defendants; and the Court finding that there has been no showing of undue delay or dilatoriness; and the Court further finding that the Motion was timely filed and filed in good faith; and the Court noting that Defendants did not oppose this Motion; and the Court having considered this matter without oral argument pursuant to FED.R.CIV.P. 78, and for good cause shown;

    IT IS on this 18th day of March, 2008,

    ORDERED that Plaintiffs' Motion for leave to file a Second Amended Complaint [Docket Entry No. 35] is hereby GRANTED; and it is further

    ORDERED that Plaintiffs shall their Amended Complaint no later than **March  28, 2007**; and it is further

    ORDERED that Defendant's request to extend fact discovery to June 1, 2008 is hereby GRANTED; and it is further

    ORDERED that the parties shall confer on the remaining discovery schedule, and submit a proposed schedule to the undersigned no later than **April 1, 2008**; and it is further

    ORDERED that the Clerk of the Court terminate the Motion [Docket Entry No. 35] accordingly.

     s/ Tonianne J. Bongiovanni  
    **TONIANNE J. BONGIOVANNI**  
    **UNITED STATES MAGISTRATE JUDGE**